| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) SS | IN CIRCUIT COURT |
| COUNTY OF PENNINGTON | ) | SEVENTH JUDICIAL CIRCUIT |

Case No : CIV 09-

SCOTT ARMSTRONG,

    Plaintiff,

vs.

**SUMMONS**

JP MORGAN/CHASE, INC.,
(As assignee of Washington Mutual Inc.)
A Foreign Corporation,

    Defendant.

THE STATE OF SOUTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS, GREETINGS:

YOU ARE HEREBY SUMMONED and required to answer the Complaint of the Plaintiffs, a copy of which is herewith served upon you, and to serve a copy of your Answer on the attorney for the Plaintiffs, Scott Armstrong, at the address below, within thirty (30) days from the date of the service of this Summons upon you, exclusive of the day of such service.

IF YOU FAIL TO DO SO, judgement by default may be rendered against you as requested in Defendant's Complaint thirty (30) days after the completed service of said Complaint and Summons.

Dated this ____ day of January, 2010.

Mark A. Koehn Attorney for Plaintiff
P.O. Box 9655
Rapid City, SD, 57709-9655
(605) 394-4951

**EXHIBIT 1**

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | ) SS | |
| COUNTY OF PENNINGTON | ) | SEVENTH JUDICIAL CIRCUIT |

Case No : CIV 09-

SCOTT ARMSTRONG,

    Plaintiff,

vs.

**COMPLAINT**

JP MORGAN/CHASE, INC.,
(As assignee of Washington Mutual Inc.)
A Foreign Corporation,

    Defendant.

## PRELIMINARY ALLEGATIONS- ALL COUNTS

1. This is a complaint for breach of contract and for unfair debt collection practices, as defined in 15 USCA 1692d (1-6) and 15 USCA Sec. 1692 c and b (2, 5 and 6) (Fair Debt Collection Practices Act) with damages exceeding Twelve Thousand Dollars ($12,000.00), exclusive of statutory interest and costs;

2. That Defendant, JP Morgan/Chase Bank Inc. (hereinafter referred to as Chase) is a foreign corporation and assignee of Washington Mutual Inc., hereinafter referred to as WaMu) and is otherwise sui juris;

3. That Plaintiff, Scott Armstrong, is a resident of Pennington County, and intends to maintain said residency throughout the pendency of this action;

4. The acts and omissions complained of herein occurred in Pennington County, South Dakota;

5. That Plaintiff was the holder of WaMu charge account bearing the account number XXXX-XXXX-XXXX-8349;

6. That subject account was acquired by Defendant, JP Morgan Chase, as part of a merger or buy out of WaMu, Inc. accounts;

7. That Defendant, Chase, as the successor in interest of WaMu, Inc., has assumed all rights, obligations, and liability regarding the acts and omissions of WaMu, Inc., as alleged herein regarding the referenced account;

8. That prior to closure of said account, Plaintiff had made timely payments which exceeded the minimum monthly amount due upon said account, until on or about August of 2009, when Plaintiff was notified that subject account had been closed by Defendant, Chase with no explanation;

9. That prior to closure of subject account, Defendant, Chase, assessed interest and penalties against the principal balance of the account which exceeded that permitted according to the terms of Plaintiff's agreement with Defendant regarding said account;

10. That agents and employees of Defendant, Chase, commencing on or about September 1, 2009 and continuing to present, did, and continue to make numerous repeated and unauthorized contacts with Defendant regarding collection of said account;

11. That agents and employees of Defendant, Chase, during an approximate thirty-three (33) day period, commencing on or about September 1, 2009 until approximately October 5, 2009, did place in excess of one hundred fifty (150) phone calls to Plaintiff's work and cell phone numbers from the following phone numbers: 224-222-8004; 847-488-6051.

12. That agents and employees of Defendant, Chase, did cause Plaintiff's phone to ring continuously until answered, with the intent that said calls annoy, harass, or abuse Plaintiff, as those terms are defined in 15 USCA 1692 d (1-6);

13. That agents and employees of Chase, during the thirty day time frame referenced above, did result in annoying and harassing phone conversations with Plaintiff on sixty-five (65) separate occasions during said approximately thirty-three (33) day period.

14. That agents and employees of Defendant, Chase, did contact, and engage in multiple, continuous, daily conversations with Plaintiff during the referenced thirty (30) day time frame, despite Plaintiff's requests for said calls to cease and desist.

15. That agents and employees of Defendant, Chase, engaged in repeated, continuous, phone calls with Plaintiff which were intended to annoy, abuse, and harass as those terms are defined by 15 USCA 1692 d (1-6), including but not limited to the following:

- A. On or about September 24, 2009, agents and employees of Defendant engaged in annoying or harassing phone calls with Plaintiff on seven (7) separate phone conversations during a three (3) hour period;
- B. On or about September 13, 2009, agents and employees of Defendant engaged in annoying or harassing phone calls with Plaintiff on four (4) separate occasions during a fifty (50) minute time frame;

3

    C. On or about September 18, 2009, agents and employees of Defendant, Chase, engaged in annoying or harassing phone calls with Plaintiff on five (5) separate occasions.

16. That Defendant, Chase, through the acts and omissions of the agents and employees of thereof, did employ threatening and inappropriate language during said collection calls, the natural consequence of which was to abuse the Defendant;

17. That Defendant did suffer emotional distress as a result of the acts and omissions of agents and employees of Defendant, Chase;

## COUNT 1- BREACH OF WRITTEN CONTRACT

18. Defendant realleges and reaffirms paragraphs 1-16 of the preliminary allegations of this complaint as fully as if set forth herein, and states further that:

19. This is an action for breach of written contract regarding Defendant, Chase;

20. That, for good and valuable consideration, Defendant and contract assignee, Chase; did enter into a written agreement concerning a line of credit (credit card) issued in favor of Plaintiff, Armstrong;

21. That Defendant, Chase Bank, did intentionally and materially breach the terms of said agreement as follows:

    a. By assessing interest on said account in excess of the agreed upon maximum rate;

    b. By assessing late fees and penalties subsequent to Defendant's closure of said account, that were only available pursuant to a delinquent open account;

4

22. That Defendant has suffered damages as a direct and proximate result of assignor's willful and material breach of the aforementioned contract, including damage to Plaintiff's credit;

## COUNT 2- FAIR DEBT COLLECTION PRACTICES ACT VILATIONS

23. Plaintiff realleges and reaffirms the allegations contained within paragraphs 1-21 of this complaint as fully as if set forth herein, and states further that:

24. This is an action for violation of the Fair Debt Collection Practices Act 15 USCA 1692 d (1-6) That Defendant was the holder of a charge account bearing the account number XXXX-XXXX-XXXX-8349, originally issued by assignor, WaMu;

25. That Defendant and assignee, Chase, through the intentional acts and omissions of its' agents and employees did harass Plaintiff, by allowing Defendant's phone to ring repeatedly and continuously with the intent that said calls annoy, abuse or harass Plaintiff;

26. That Plaintiff, assignee, through the acts and omissions of the agents and employees of assignor, Chase, did employ threatening and inappropriate language during said collection calls, the natural consequence of which was to abuse the Defendant;

27. That Defendant suffered emotional and physical distress as a direct and proximate result of Plaintiff's wrongful conduct;

5

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

1. For statutory damages and interest thereon computed from the time of Plaintiff's wrongful conduct to date.

2. For compensatory damages and statutory interest thereon computed from the time of Plaintiff's breach forward;

3. For compensatory damages and interest thereon for the Plaintiff's emotional distress;

4. Reasonable attorney's fees and costs incurred in bringing this action;

5. Whatever other and further relief this Court deems appropriate under the

Dated this ___ day of January, 2010.

---

Mark A. Koehn Attorney for Plaintiff
P.O. Box 9655
Rapid City, SD, 57709-9655
(605) 394-4951

TRIAL BY JURY IS REQUESTED