UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT ARMSTRONG, | ) | CIV. 10-5010-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER FOR FORM 52 |
| vs. | ) | REPORT AND |
| | ) | SCHEDULING |
| JPMORGAN/CHASE, INC. | ) | INFORMATION |
| (As assignee of Washington | ) | |
| Mutual Inc.) A Foreign | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the terms of Fed. R. Civ. P. 26(f), the parties shall meet to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues about preserving discoverable information, and to develop a proposed discovery plan. The parties shall meet by **March 19, 2010**. Within fourteen days after the Rule 26(f) meeting, counsel shall jointly prepare and file with the Clerk of Court a written report outlining the plan. The report shall comply with Form 52, Report of Parties' Planning Meeting, and shall include the following:

**A. <u>Date and Place of the Meeting and Identification of the Parties and their Attorneys</u>**

1. The date and place at which the meeting was held.

2.      Name and address of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting.

3.      Name of the insurance carriers and amount of liability coverage available.

**B.** **Description of the Case**

4.      A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.

5.      A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as statutory references number.

6.      A brief statement of the material issues to be resolved.

**C.** **Pleadings**

7.      A statement of whether all pleadings have been filed, and description of any amendments to the pleadings the party proposes to make including the identification of any new parties to be added (if none so state).

8.      The date by which all motions which seek to amend the pleadings or add parties will be filed.

9.      Whether jury trial is available under the law, and whether a jury trial has been timely demanded.

**D.** **Initial Discovery Plan**

10.      Date by which all prediscovery disclosures required by Rule 26(a)(1) will be completed.  [*Note: discovery is not filed with the court.*]

2

**E.**     **Discovery Plan**[1]

    11.     The procedure to be used for disclosure or discovery of electronic information.

    12.     The number of interrogatories each party shall be permitted to serve.

    13.     The maximum number of depositions by each party (excluding expert witness depositions).

    14.     The limits on the length of depositions, in hours.

    15.     The date by which all discovery (including expert discovery) shall be completed.

    16.     A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief description of the type of experts anticipated, e.g., medical doctor, economist, accident reconstructionist, accountant.

    17.     The date by which each party shall disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2).  [*Note: discovery is not filed with the court.*]

    18.     Whether the parties anticipate expert depositions.

    19.     The number of expert depositions each party shall be permitted to take.

    20.     The frequency with which discovery responses must be supplemented pursuant to Rule 26(e).

**F.**     **Dispositive Motions and Trial**

    21.     Date by which all dispositive motions shall be filed.

    22.     Estimated trial time including jury selection and instructions.

---

[1]If the parties are unable to agree upon a discovery plan, the report shall separately set forth each party's proposed plan.

**G.**    <u>**Settlement**</u>

23.    The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting.  If the case does not settle, the parties shall be fully prepared to advise the court about the status of settlement discussions. The parties shall advise the court whether they desire a settlement conference with a magistrate judge.

24.    Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting.  Defendant shall respond in writing to this demand as soon as possible.

25.    If plaintiff is unable to make a settlement demand, plaintiff shall:
   a.    Explain the inability;
   b.    Advise the court what is needed to evaluate settlement; and
   c.    Advise the court of the earliest date the parties can realistically evaluate settlement.

26.    Other matters the parties want to raise.

Dated February 17, 2010.

BY THE COURT:


_/s/ Jeffrey L. Viken_
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

4